UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE NEILSEN and SUSAN NIELSON,

    Plaintiffs,

v.                                             CASE NO: 8:06-cv-53-T-26EAJ

LEXINGTON INSURANCE COMPANY,

    Defendant.
                                                /

**O R D E R**

      Upon due consideration, it is ordered and adjudged that Defendant's revised Motion for Summary Judgment (Dkt. 26) is once again stricken for failure to comply with this Court's summary judgment procedures contained in the Case Management and Scheduling Order entered March 2, 2006.[1]  Contrary to defense counsel's belief, Local Rule 3.01(g) does not conflict with this Court's summary judgment procedures.  The rule, which the Court realizes does not apply to a motion for summary judgment, mandates that the moving party confer with opposing counsel in a effort to resolve the issues raised by the motion.

      The Court's summary judgment procedure, on the other hand, does not require that the moving party confer with opposing counsel in an attempt to resolve the motion

---

[1] See docket 7, page 2.

but instead requires only that "the moving party **shall** confer in good faith with the party or parties against whom summary judgment is sought for the *purpose of narrowing the factual issues in dispute*." The goal of this requirement is to obviate the need of filing multiple depositions, affidavits, and other documentation in support of establishing what a party claims is an undisputed fact if the parties are in agreement that such fact is undisputed. The Clerk is directed to terminate the motion from pending status.

**DONE AND ORDERED** at Tampa, Florida, on December 4, 2006.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record